IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID GOMEZ and ESMA GOMEZ,

      Plaintiffs,

v.                                     No.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

TO:    UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW MEXICO

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys, Guebert Bruckner P.C., and pursuant to 28 U.S.C. §§ 1332, 1446 and D.N.M.LR-Civ. 81.1, moves this Court to allow removal of the above-entitled action to the United States District Court for the District of New Mexico.

1.      On September 1, 2017, a Complaint for Uninsured Motorist Benefits and Attorney's Fees ("Complaint"), was filed in the Second Judicial District Court, County of Bernalillo, State of New Mexico.  The case was docketed as Cause No. D-202-CV-2017-06330. A copy of the Complaint is attached hereto as **Exhibit A**.

2.      As set forth below, traditional diversity jurisdiction exists because Plaintiffs have different citizenship than State Farm, his individual claims satisfy the $75,000 jurisdictional limit of 28 U.S.C. § 1332(a), and State Farm is not a citizen of New Mexico. Further, as set forth below, State Farm has satisfied all procedural requirements for removal.

## I.      STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3.      Plaintiffs filed their Complaint on September 1, 2017.  **Exhibit A**. There, Plaintiffs allege that they are residents of Bernalillo County, New Mexico. Plaintiffs named State Farm as a Defendant. *Id.* ¶ 1.

4.      "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

5.      State Farm was served with the Complaint on September 18, 2017.

6.      As such, removal is timely and proper as it was performed within 30 days of the filing of the Complaint and it could be ascertained that the case was one which was removable. 28 U.S.C. § 1446(b)(3).

7.      Pursuant to 28 U.S.C. § 1446(b) and D.N.M.LR-Civ. 81.1, attached hereto are copies of all pleadings served upon State Farm in the Second Judicial District Court Cause No. D-202-CV-2017-06330. **Exhibit A**.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Second Judicial District Court, Bernalillo County, New Mexico.

9.      State Farm is the only named Defendant. As a result, consent to removal from other Defendants is not at issue. Likewise, State Farm is not a citizen of New Mexico. As a result, 28 U.S.C. § 1441(b) does not preclude removal.

10.     The Complaint alleges that State Farm is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but it is authorized to conduct business, and is conducting business within Bernalillo County, New Mexico. The Complaint does not allege that State Farm is a citizen of New Mexico or any other State.

## II.    THIS COURT HAS TRADITIONAL DIVERSITY JURISDICTION OVER THIS ACTION.

### A.    Complete Diversity Exists Between Plaintiff and Defendant

11.     State Farm is a citizen of Illinois for the purposes of federal jurisdiction, as it is organized under the laws of Illinois, and its principal place of business is in Illinois. *See* 28 U.S.C. § 1332(c)(1).

12.     Plaintiffs are citizens of New Mexico, Bernalillo County. **Exhibit A**.

13.     Because State Farm is a citizen of Illinois for the purposes of federal jurisdiction and because Plaintiff is a citizen of New Mexico, Bernalillo County, complete diversity exists between the parties.

### B.    The $75,000 Amount in Controversy is Satisfied

14.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…" 28 U.S.C. § 1446(c)(2).

15.     "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks …a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded…" 28 U.S.C. § 1446(c)(2)(A).  Additionally, though, "removal of the action is proper on the basis of an amount in controversy asserted under subparagraphs (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

16.     For purposes of diversity jurisdiction, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)).

17.     The Complaint does not allege a specific amount of damages. However, the New Mexico Rules of Civil Procedure generally prohibit the inclusion of a specific amount of claimed damages. *See* Rule 1-010(B) NMRA ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount.")

18.     "In making this determination, courts may consider the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Hanna v. Miller*, 163 F.Supp. 2d 1302, 1306 (D.N.M. 2001).

19.     Here, Plaintiffs do not cap their damages in any way, and avoid making any stipulation that they are not seeking individual damages in excess of the $75,000 jurisdictional amount.  Plaintiffs pray for actual damages, consequential damages, prejudgment interest, additional statutory damages, post-judgment interest, reasonable and necessary attorney's fees and court costs.  An examination of Plaintiffs' claims established that Plaintiffs have put more than $75,000 in controversy.

20.     To begin, the Complaint alleges State Farm, among other things, failed to pay Plaintiffs' first party uninsured motorist claim for damages including medical bills for both Plaintiffs' bodily injuries, pain and suffering, attorney's fees, interest and costs.  **Exhibit A**, ¶¶ 5, 6, 7.

21.     The substance and nature of the allegations described in Plaintiff's Complaint, combined with Plaintiff's prayer for relief for damages is enough to satisfy the $75,000 requirement.

22.     Nevertheless, based on the experience of lead counsel for State Farm—who has been actively involved in the evaluation of the injuries asserted by Plaintiff and who, over the course of his 40-year career, has tried in excess of 80 cases to juries in New Mexico and has evaluated hundreds of claims made against insurance companies and their insureds—if Plaintiffs' claims were accepted by a jury, the total damages would be in excess of $75,000.  **Exhibit B**, T. Guebert Aff. ¶¶ 5-7.

23.     Plaintiffs also seek to recover their attorney's fees, which can be significant with these claims and must be included as part of the amount in controversy.  *See Vining*, 148 F.3d at 1212 (affirming award of $94,223.75 in attorney's fees against insurer);

5

*Markham*, 122 Fed. Appx. 392 (unpublished) (affirming award of $103,830 in attorney's fees against insurer); *O'Neel v. USAA Ins. Co.*, 41 P.3d 356 (N.M. Ct. App. 2002) (affirming award of $64,000 in attorney's fees against insurer).

    24.    State Farm reserves the right to amend and/or supplement this Notice of Removal.

    WHEREFORE, for all of the foregoing reasons, this action is properly removed.

GUEBERT BRUCKNER P.C.

By    */s/ Robert F. Gentile*
    Terry R. Guebert
    Robert F. Gentile
    P.O. Box 93880
    Albuquerque, NM 87199-3880
    (505) 823-2300
    tguebert@guebertlaw.com
    rgentile@guebertlaw.com
    *Attorneys for Defendant*

This is to certify that on this 16th day of October, 2017, the foregoing Notice of Removal to United States District Court for the District of New Mexico was filed electronically through the CM/ECF system, I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Participants in the manner indicated:

Via first class mail, postage prepaid, addressed as follows:

Thomas M. Allison
Whitener Law Firm, P.A.
4110 Cutler Avenue NE
Albuquerque, NM 87110
(505) 242-3333
tm5052002@yahoo.com
*Attorney for Plaintiffs*

*/s/ Robert F. Gentile*
Terry R. Guebert
Robert F. Gentile
*Attorneys for Defendant*

F:\Clients\0102.263bf\Pleadings\Notice of Removal.docx/jty